IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **RODNEY SHEPARD,** : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | NO. 3:22-CV-60-CDL-CHW |
| **Warden MARTYALLEN,** : | |
| : | |
| Respondent. : | |
| _____ | |

## ORDER

Petitioner Rodney Shepard, a state prisoner currently confined in Calhoun State Prison in Morgan, Georgia, filed in the United States District Court for the Northern District of Georgia a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his September 3, 2008 conviction in the Superior Court of Athens-Clarke County. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 2. The Northern District of Georgia transferred the action to this Court. ECF No. 4. Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT**.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to screen a habeas petition prior to any answer or other pleading. This screening and a review of the Court's records reveal that at the time this action was transferred to the Middle District of Georgia, Petitioner already had a 28 U.S.C. § 2254 petition pending in this Court: *Shepard v. Shaver*, 3:22-cv-55-CAR-CHW (M.D. Ga. May 19, 2022). Efficient judicial administration generally requires the federal courts to avoid

duplicative action. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Thus, Petitioner cannot maintain two habeas actions challenging the same conviction. "[W]here a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition . . . ." *Daker v. Toole*, 736 F. App'x 234, 235 (11th Cir. 2018) (per curiam) (citations omitted).

It is, therefore, **ORDERED** that the 28 U.S.C. §2254 habeas petition filed in this action (ECF No. 1) be docketed in *Shepard v. Shaver*, 3:22-cv-55-CAR-CHW (M.D. Ga. May 19, 2022) as an amended petition and this action (*Shepard v. Allen*, 3:22-cv-60-CDL-CHW) be **ADMINISTRATIVLEY CLOSED**.

**SO ORDERED**, this 2nd day of June, 2022.

                                            S/Clay D. Land
                                            CLAY D. LAND
                                            U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA